By the *Doncastles* against *Ridgate's* administratrix, and its being nonprossed, &c. At the trial the plaintiffs offered to prove by the record and proceedings produced, that the negroes, in the condition of the writing obligatory mentioned, were taken under the replevin, *Doncastle* against *Ridgate*, and kept out of the possession of the plaintiffs from May 1804 to March 1805. The defendant then offered a competent witness, who proved the value of the said negroes at and during the time aforesaid, and also proved their value in October 1809 to be equal to their value at the time aforesaid. And then, in order to show by the declarations of the plaintiffs, that the said negroes were of little or no value, offered to ask the witness the following questions: "Did you hear the plaintiffs at any time in October 1809, say that they knew where the negroes were; that they had left their possession by their orders, and that they would take no steps to regain the possession of them, and that they did not wish, and would not allow them to return?" To the answering of these questions by the witness, the plaintiffs objected. And the Court, [*Key* and *Clarke*, A. J.] decided the questions to be inadmissible, and refused to permit them to be answered. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the cause was argued before CHASE, Ch. J. and BUCHANAN, JOHNSON and MARTIN, J. by

*Chapman*, for the Appellant.

No Counsel appeared for the Appellees.

JUDGMENT AFFIRMED.

1815.

Taylor
vs
Terme & Jauffret

---

## TAYLOR vs. TERME and JAUFFRET.

APPEAL from *Baltimore* County Court. *Assumpsit* on a promissory note. The general issue was pleaded; and at the trial the plaintiff, (now appellant,) gave in evidence the note, which was dated the 21st of December 1808, and drawn by *Jauffret*, one of the defendants below, for $1950, payable 60 days after date to the plaintiff, or order. It was admitted that *Jauffret* was a *Frenchman*, carrying on trade and commerce in the city of *Baltimore*; and that be-

MAY

If a person derives a benefit from a trade in which another is engaged, by receiving a portion of the profits, he is liable as a partner, tho' he acts only in the character of an agent, and receives such profits as a compensation for his agency.

ing in want of a clerk or book keeper who understood the *English* and *French* languages, he applied to the other defendant (*Terme*,) for that purpose; that *Terme* asked him $800 a year as a salary for his services; which *Jauffret* declined giving, but promised to give him the one fourth part of the profits arising from his business, which *Terme* agreed to accept; and in pursuance of such agreement entered into the employment of *Jauffret* as a book keeper. And it was also admitted, that the promissory note in question was afterwards given by *Jauffret* to the plaintiff, for so much money advanced by him to *Jauffret* in the course of his said trade and dealing. The plaintiff also gave in evidence, that *Terme*, during the time of his being in the service of *Jauffret*, had no control or management of the business of *Jauffret*, other than as a clerk or book-keeper, and that the business was conducted and carried on in the name of *Jauffret* alone. And he then prayed the court to direct the jury, that he was entitled to recover. But the Court, [*Nicholson*, Ch. J.] was of opinion, that *Terme* could only be considered, from the evidence, as the hired servant of *Jauffret*, and refused to give the direction. The plaintiff excepted; and the verdict and judgment being against him he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, and MARTIN, J.

*Pinkney* and *Winder*, for the Appellant, contended, that where a person derives a benefit from the trade in which another is engaged, by receiving a portion of profits, he is liable as a partner, although he expressly stipulates that he is not to be liable. If he takes the profits, he must bear the loss. They referred to *Watson on Part.* 9, 10, 13, 19, 26, 124, 169, 201. *Waugh vs. Carver*, 2 *H. Blk.* 245. *Morse vs. Wilson*, 4 *T. R.* 354. *Hesketh vs. Blanchard*, 4 *East*, 147. *Ord on Usury*, 47. 1 *Com. on Cont.* 285, 286. *Grace vs. Smith*, 2 *W. Blk.* 999.

*Martin*, for the Appellees, admitted that the authorities cited establised the principle relied upon by the appellant's counsel, but contended that those decisions, being since the revolution, were not binding on this court.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.